IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LEE TUCKER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| OFFICER C. CARR, OFFICER SEAMON, | ) | |
| Sgt. HIENTSENRIDER and OFFICER | ) | Civil Action No. 03-1548 |
| GRIMME, | ) | |
| | ) | |
| Defendants | ) | Judge Thomas M. Hardiman/ |
| | ) | Magistrate Judge Lisa |
| | ) | Pupo Lenihan |
| | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### RECOMMENDATION

It is recommended that the case be dismissed due to Plaintiff's failure to prosecute and/or for failure to respond to the court's order.

### REPORT

Michael Lee Tucker ("Plaintiff"), initiated this civil rights case by filing a Motion to Proceed In Forma Pauperis (Doc. 1) on October 15, 2003. Magistrate Judge Hay granted the motion and ordered the complaint (Doc. 4) to be served by the Marshal. Since service by mail was not able to be accomplished as the requests for waiver of service were not returned, possibly due to the sketchy information on the addresses of the defendants, the

court ordered duplicate summonses and complaints be prepared to
be served in person by the Marshal.  The duplicates were prepared
but the Marshals were unable to serve them without directions
from Plaintiff.  A letter was sent to the Plaintiff requesting
information, but no response was ever received.  It appears
Plaintiff may have changed institutions, without informing the
court, as is his responsibility, as the court clearly explained
to him in its order granting him pauper status.  The case is now
more than a year and half old without the complaint ever being
served.  The case has been transferred to the undersigned.

As a result of the inactivity on the docket, the court
issued an order on May 17, 2005 directing Plaintiff to show cause
by June 6, 2005 why this case should not be dismissed for failure
to prosecute.  Doc. 10.  That order informed Plaintiff that
failure to respond to the order could result in a recommendation
that his case be dismissed.  Plaintiff never responded to the
order.

Rule 41(b) deals with involuntary dismissals and provides,
in relevant part, that a court may dismiss an action

> [f]or failure of the plaintiff to prosecute or to
> comply with these rules or any order of court . . . .
> Unless the court in its order for dismissal otherwise
> specifies, a dismissal under this subdivision and any
> dismissal not provided for in this rule, other than a
> dismissal for lack of jurisdiction, for improper venue,
> or for failure to join a party under Rule 19, operates
> as an adjudication upon the merits.

"A Rule 41(b) dismissal may be entered sua sponte or on motion of

a party." <u>Pickel v. United States</u>, 746 F.2d 176, 182 n.7 (3d

Cir. 1984).  A court's decision to dismiss for failure to

prosecute is committed to the court's discretion. <u>See Collinsgru</u>

<u>v. Palmyra Bd. of Educ.</u>, 161 F.3d 225, 230 (3d Cir. 1998)("We

review for abuse of discretion a district court's dismissal for

failure to prosecute pursuant to Rule 41(b).").  In exercising

that discretion, a district court should, to the extent

applicable, consider the six factors known as the <u>Poulis</u> factors[1]

when it levies the sanction of dismissal of an action for failure

to obey discovery schedules, failure to prosecute or to comply

with other procedural rules. <u>Harris v. City of Philadelphia</u>, 47

F.3d 1311, 1330 n.18 (3d Cir. 1995).  Those six <u>Poulis</u> factors

are:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the
> failure to meet scheduling orders and to respond to
> discovery; (3) a history of dilatoriness; (4)whether
> the conduct of the party or the attorney was willful or
> in bad faith; (5) the effectiveness of sanctions other
> than dismissal, which entails an analysis of
> alternative sanctions; and (6) the meritoriousness of
> the claim or defense.

<u>Id</u>. However, "*Poulis* did not provide a magic formula whereby the

decision to dismiss or not to dismiss a plaintiff's complaint

becomes a mechanical calculation easily reviewed by" the Court of

---

[1] <u>See</u> <u>e.g.</u>, <u>Emerson v. Thiel College</u>, 296 F.3d 184, 190 (3d
Cir. 2002)("In considering the second *Poulis* factor . . .").
<u>Poulis</u> refers to <u>Poulis v. State Farm Fire and Cas. Co.</u>, 747 F.2d
863, 868 (3d Cir.1984).

3

Appeals.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).
For the Court of Appeals has recognized that "not all of the
Poulis factors need be satisfied in order to dismiss a complaint.
See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co., 843
F.2d 683, 696 (3d Cir.1988).  Instead, the decision must be made
in the context of the district court's extended contact with the
litigant."  Id.

In considering the Poulis factors to the extent applicable
herein, factor one appears to weigh in favor of dismissal for,
unlike a represented party who could blame failures on an
attorney, Plaintiff (who is pro se) alone appears to be
responsible for not keeping the court informed of his current
address and for not complying with the court requests for
information and not responding to the order to show cause.  As
the Defendants have never been served, this court has difficulty
in determining the second Poulis factor of prejudice to the
defendants, but the fact that they have not been alerted to the
possibility of a lawsuit against them and, with the passage of
time comes the fading of memories, there is a distinct
possibility of prejudice.  Nevertheless, the court will not
consider this factor as weighing for or against Plaintiff because
the court simply does not have knowledge of this factor.  Taking
up factor number three, it appears that Plaintiff has a history
of failing to comply with court orders, in that he failed to keep

4

the court informed of his current address, he failed to supply
the court with information regarding the Defendants for purposes
of serving the complaint and he failed to respond to this court's
show cause order.   It is difficult to discern whether
Plaintiff's failings were willful or in bad faith.   In
considering the fifth factor, it does not appear to this court,
after giving Plaintiff fair warning and an opportunity to show
cause why the case should not be dismissed, what other action the
court can take to cause Plaintiff to move the case forward.   Next
the court addresses factor number 6, it is difficult to assess
the meritoriousness of Plaintiff's claims with just the barest of
allegations from the complaint.

    In considering all of these factors, the court finds most
significant Plaintiff's failures to respond to requests for
information and his failure to keep this court informed of his
address.   The court deems these to be a good barometer of
Plaintiff's will, or lack thereof, to prosecute this case.   In
light of this, the court recommends that the case be dismissed
for failing to comply with court orders and/or for failing to
prosecute.

    Alternatively, this court recommends that the District Court
enter an order, sua sponte, pursuant to its inherent power, to
immediately dismiss the action based upon Plaintiff's continued
obduracy in failing to respond and/or in disobeying court orders.

See, e.g., John's Insulation, Inc. v. L. Addison and Associates,

Inc., 156 F.3d 101,108 (1st Cir. 1998) wherein the court observed

that

> "A district court has broad authority to ... dismiss a
> case for failure to obey ... orders," *Robson v.*
> *Hallenbeck*, 81 F.3d 1, 2 (1st Cir.1996). One source of
> such authority is Fed.R.Civ.P. 41(b). On the other
> hand, "the rules of civil procedure do not completely
> describe and limit the power of district courts."
> *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*,
> 771 F.2d 5, 11 (1st Cir. 1985). Indeed, "[i]t has long
> been understood that certain implied powers must
> necessarily result to our Courts of justice from the
> nature of their institution, powers which cannot be
> dispensed with in a Court, because they are necessary
> to the exercise of all others." *Chambers v. NASCO,*
> *Inc.*, 501 U.S. 32, 43 (1991) (citations omitted). Those
> inherent powers to sanction parties for litigation
> abuses include the power to "act sua sponte to dismiss
> a suit for failure to prosecute," *id.* at 44 (citing
> *Link*, 370 U.S. at 630-31), and to enter default
> judgment, *see Brockton Sav. Bank*, 771 F.2d at 12.

See also Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962)("The

authority of a court to dismiss sua sponte for lack of

prosecution has generally been considered an 'inherent power,'

governed not by rule or statute but by the control necessarily

vested in courts to manage their own affairs so as to achieve the

orderly and expeditious disposition of cases."). The Court in

Link noted that courts possess the inherent power to act sua

sponte "to clear their calendars of cases that have remained

dormant because of the inaction or dilatoriness of the parties

seeking relief." Id. at 630. Given the inaction of Plaintiff,

which has caused this case to remain dormant for more than a

6

year, it is recommended that the case be dismissed.

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. §
636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are
allowed ten (10) days from the date of service to file written
objections to this report.  Any party opposing the objections
shall have seven (7) days from the date of service of the
objections to respond thereto.  Failure to timely file objections
may constitute a waiver of any appellate rights.

                                    Lisa Pupo Lenihan
                                    U.S. Magistrate Judge

Dated: July 18, 2005

cc:  The Honorable Thomas M. Hardiman
     United States District Judge


     Michael Lee Tucker
     103776
     Allegheny County Jail
     950 Second Avenue
     Pittsburgh, PA 15219

7